IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                       No. 1:17-cr-10027-STA

DARIUS LYNN GRIGGS,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is Defendant, Darius Lynn Griggs' Motion to Suppress Evidence and for *Franks* Hearing. (D.E. 20). The United States has responded, opposing the Motion. (D.E. 23). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. 21). For the reasons set forth below, it is recommended that Defendant's Motion be DENIED.

## I. INTRODUCTION

On March 13, 2017, a grand jury in the Western District of Tennessee, Eastern Division, issued an indictment against Defendant, charging him with violating 18 U.S.C. § 922(g). Defendant entered a plea of not guilty. On April 18, 2017, Defendant filed his Motion to Suppress Evidence requesting that the Court "suppress all evidence recovered during the execution of a search warrant for Crystal Jackson's apartment…" and for *Franks* Hearing (D.E. 20). On May 8, 2017, the United States filed its Response (D.E. 23). On May 23, 2017, the Court held a suppression hearing. At the hearing the Court heard testimony from Officer Daniel Washburn of the Jackson Police Department and Crystal Latrina Jackson. The Court admitted as evidence four exhibits, an affidavit for search warrant, pictures of a handgun, picture of a dresser

1

with packs of cigarettes, and a collective exhibit of two statements from Crystal Latrina Jackson on Jackson Police Department letterhead. The Court has now considered the memoranda of law filed in support of and in opposition to the Motion to Suppress and for *Franks* Hearing, the testimony of the witnesses, the exhibits presented at the hearings, and the applicable law.

## II. PROPOSED FINDINGS OF FACT

The Court has carefully considered the evidence present at the hearing, including the witnesses that testified. The Court finds the government's witness to be credible, and therefore adopts the officer's account of the events as its findings of fact.

Officer Daniel Washburn received a tip from a confidential informant (CI) that observed "marijuana on the premises of 1580 N. Royal Street Apt. 914 in Jackson, TN," including observing marijuana inside the residence within the last seventy-two hours and Crystal Jackson and Darius Griggs were present. Additionally, the affidavit states that the utilities and the TN Criminal Justice Portal listed the address for Crystal Jackson. In support of the search warrant, Officer Washburn signed an affidavit in which he described the information received from the CI and the CI's past reliability.

On December 7, 2016, Judge Roy B. Morgan, Jr., of the Circuit Court in Madison County, Tennessee issued a search warrant for the premises located at 1580 N. Royal Street Apt 914 Jackson, Tennessee 38301. The search warrant determined that there was probable cause to conduct a search for the following "Illegal Controlled Substances: Marijuana, Books, Ledgers, Tapes, Papers, Records, Pictures, Electronic Media, And Other Items Which Tend To Memorialize Narcotics Trafficking" in violation of the laws of the State of Tennessee.

The sworn affidavit from Officer Washburn stated as follows:

Personally appeared before me, Officer Daniel Washburn, who makes oath that he has probable cause for believing and does believe that Crystal Latrina Jackson DOB [redacted], Darius Lynn Griggs DOB [redacted] is/are in possession of the following described property, to wit: Illegal Controlled Substance: Marijuana, Books, Ledgers, Tapes, Papers, Records, Pictures, Electronic Media, and other Items Which Tend to Memorialize Narcotics Trafficking, contrary to the laws of the State of Tennessee, upon the following described premises to wit: 1580 N. Royal Street Apt. 914 Jackson, TN 38301 and any sheds, garages, outbuildings and vehicles with said apartment. 1580 N. Royal Street Apt. 914 is in a multi-unit apartment complex. The building that houses apartment 914 is situated to the right side as soon as you turn into the first entrance of Royal Arms Apartments, Apartment 914 iS situated on the north side of the complex and the front of the building faces south with the rear facing north toward Oak Park Drive. The door to apartment 914 is green in color and the apartment is clearly marked above the door with 914 in white lettering on a brown placard. The front door of apartment 914 faces West. Apartment 914 is in the first breezeway on the right side and it's the first apartment upstairs on the right side. To get to 1580 N. Royal St. Apt. 914, you would travel south on N. Royal St. from N. Parkway until you reach Oak Park Dr. on the left. You would turn left onto Oak Park Dr. and travel east until you reach the first entrance of 1580 N. Royal St. (Royal Arms Apts) on the right. Once you turn into the first entrance of 1580 N. Royal St., turn right and apartment 914 will be in building 900 which is the first building on the right. And his reason for such belief and the probable cause for such belief are that Affiant has received information from a reliable confidential information that has observed marijuana on the premises of 1580 N. Royal St. Apt. 914 in Jackson, TN. This reliable confidential informant has observed marijuana inside the residence of 1580 N. Royal St. Apt. 914 within the last seventy-two hours. Furthermore, this reliable confidential informant has observed Crystal Jackson and Darius Griggs inside the residence of 1580 N. Royal St. Apt. 914 where the marijuana was present. 1580 N. Royal St. Apt. 914 was confirmed to have utilities turned on through the Jackson Energy Authority in the name of Crystal Jackson. It has also been confirmed though the TN Criminal Justice Portal that Crystal Jackson has 1580 N. Royal St. Apt. 914 listed as her address. This confidential informant has been proven reliable by providing information that has led to the seizure of at least 309.3 grams of Marijuana, 9.1 grams of Cocaine, 9.5 Hydrocodone Pills, and 2 firearms. This reliable confidential informant has provided information that has led to the arrests of at least 74 people. Out of the 74 people arrested, 57 of these individuals were wanted fugitives and 17 were arrested based on information provided about their criminal activity. Affiant therefore asks that a warrant issue to search the person of Crystal Latrina Jackson DOB [redacted] Darius Lynn Griggs DOB [redacted] and the premises herein describer, either by day or by night, where he believes said Illegal Controlled Substance: Marijuana, Books, Ledgers, Tapes, papers, Records, Pictures, Electronic Media, and other Items Which Tend to Memorialize Narcotics Trafficking is/are now possessed, contrary to the Laws of the State of Tennessee.

On December 9, 2016, officers with the Jackson Police Department SWAT Team, Metro Narcotics, and the Street Crimes Unit executed the search warrant. Darius Griggs was located

inside the apartment in the master bedroom. During the execution of the search warrant, the police found a handgun and several bags of marijuana weighing approximately 56.7 grams. Crystal Jackson arrived while the officers were searching the premises. She was questioned, gave a statement, and was released without charges.

On April 18, 2017, Defendant filed the motion presently before the court. Defendant argues that the affidavit submitted by Officer Washburn in support of the search warrant was not sufficient to establish probable cause. Additionally, Defendant contends that the *Leon* "good faith" exception does not apply. *United States v. Leon*, 468 U.S. 897 (1984). Lastly, Defendant moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) to challenge the veracity of Officer Washburn's statements in the affidavit in support of the search warrant.

### III. PROPOSED CONCLUSIONS OF LAW

#### A. Motion for *Franks* Hearing

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that, in certain circumstances, a defendant is entitled to a hearing regarding the veracity of a sworn statement by affiant used for a search warrant. "To obtain a *Franks* hearing, "the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit.'" *United States v. Hudson*, 325 F. App'x 423, 425-426 (6th Cir. 2009) (quoting *United States v. Stewart*, 306 F. 3d 295, 304 (6th Cir. 2002). This preliminary requirement is a "heavy burden" for defendant. *United States v. Bennett*, 905 F. 2d 931, 934 (6th Cir. 1990). Further, the focus is on "showing that the *affiant*, rather than the *informant*, deliberately or recklessly included false information in affidavit." *United States v. Sharp*, No. 1:09-cr-98, 2010 WL 1427292, at *4 (emphasis in original) (citing *Franks,* 438 U.S. at 155; *United States v. Stuart,* 507 F.3d 391, 396 (6th Cir.2007); *United States*

*v. Trujillo,* 376 F.3d 593, 603–04 (6th Cir.2004); *United States v. Pritchett,* 40 F. App'x 901, 905 (6th Cir.2002); *United States v. Fields,* No. 98–5798, 2000 WL 1140557, at *4 (6th Cir. Aug.4, 2000); *United States v. Giacalone,* 853 F.2d 470, 474–76 (6th Cir.1988); *United States v. Kelley,* 596 F.Supp.2d 1132, 1149–50 (E.D. Tenn. 2009)).

The Magistrate Judge found in the hearing that Defendant has not made a substantial preliminary showing that Officer Washburn deliberately or recklessly included false information in his search warrant affidavit.  Defendant challenged the veracity of the statements in the affidavit that there was "probable cause for believing… that Crystal Latrina Jackson DOB [redacted], Darius Lynn Griggs DOB [redacted] is/are in possession of the following described property, to wit: Illegal Controlled Substance: Marijuana, Books, Ledgers, Tapes, papers, Records, Pictures, Electronic Media, and other Items Which Tend to Memorialize Narcotics Trafficking" ; and (2) "… this reliable confidential informant has observed Crystal Jackson and Darius Griggs inside the residence of 1580 N. Royal St. Apt. 914 where the marijuana was present."(D.E. 20-1)  Based on Officer Washburn's testimony at the hearing, the Court finds that as the affiant, Officer Washburn used his experience as an officer, the information he obtained from the CI, and the previous reliability of the CI for the two statements questioned by Defendant. The record demonstrates that Officer Washburn did not deliberately or recklessly provide any false information in his search warrant affidavit. Therefore, the Court concludes that Defendant is not entitled to a *Franks* evidentiary hearing.

### B. Motion to Suppress

The standard of review for the sufficiency of an affidavit 'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" *United States v. Greene*, 250 F.3d 471, 478 (6th

Cir. 2001) (quoting *United States v. Davidson*, 936 F. 2d 856, 859 (6th Cir. 1991)).  To determine if probable cause exists, the task of the issuing judicial officer is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). When the affidavit presented in support of a search warrant is based upon information obtained from a confidential informant, the court must "consider the informant's veracity, reliability, and 'basis of knowledge.'" *United States v. Rodriguez–Suazo,* 346 F.3d 637, 646 (6th Cir.2003) (quoting *United States v. Smith,* 182 F.3d 473, 477 (6th Cir.1999)); *see also Gates,* 462 U.S. at 230. "These factors are not evaluated independently; rather, the presence of more of one factor makes the others less important. For instance, the more reliable the informant, the less detail the informant must provide in his tips before a magistrate can find probable cause." *United States v. Ferguson,* 252 F. App'x 714, 721 (6th Cir.2007) (citing *Gates,* 462 U.S. at 233).  Additionally, "the issuing judge… 'may give considerable weight to the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences.'" *Rodriguez–Suazo,* 346 F.3d at 644 (quoting *United States v. Lawson,* 999 F.2d 985, 987 (6th Cir.1993).

      The Court finds that, after considering all of the circumstances and the information contained within Officer Washburn's affidavit, Judge Morgan had a substantial basis to find that the affidavit established probable cause to believe that evidence of illegal drug trafficking would be found at Ms. Jackson's residence.  The CI had previously shown to be reliable and truthful in the past.  Further, the CI had witnessed marijuana in the residence within the past 72 hours.

Based on the reliable information from the CI and Officer Washburn's prior experience, the affidavit established probable cause to support a search warrant.

Defendant challenges the generality of the information given by the CI and the nexus between the information and Ms. Jackson's home. Defendant alleges that because the affidavit does not state in conjunction that Ms. Jackson and Mr. Griggs were observed inside the residence while the marijuana was inside the residence that does not give probable cause that Ms. Jackson or Mr. Griggs had marijuana inside the residence or if they knew that marijuana was inside the residence. Defendant further attacks the details of the affidavit, including, but not limited to, how much marijuana, if the CI was inside the residence, and who had the marijuana. The Court does not find these arguments persuasive. The CI did provide sufficient, although not specific details, of marijuana within the last 72 hours where Ms. Jackson and Mr. Griggs were present, enough to establish probable cause that evidence of a crime would be found.

The Court finds that this search warrant and accompanying affidavit is similar to the finding of probable cause in *United States v. Ferguson*. In that case, an officer used information from a CI in his affidavit for a search warrant. *Ferguson*, 252 F. App'x 714, 716 (6th Cir. 2007). The CI provided a nickname for Defendant, a prior criminal offense for the Defendant, Defendant's vehicle that he trafficked drugs out of, his address, and that he witnessed a drug sell from the residence within five days. *Id.* The officer confirmed the nickname, the prior drug conviction, and that Defendant paid utility bills at the residence. *Id.* Previously, the informant had provided information that led to five felony convictions, five cocaine seizures, and one marijuana seizure. *Id.* at 715. Defendant argued that the Court should not find probable cause because the CI "only gave general information, not explicit and detailed information of any wrongdoing." *Id.* at 722. The Sixth Circuit affirmed the district court's finding of probable

7

cause based on the information given by the CI, his prior reliability, and the corroboration of innocent facts like the name for the utility bills. Likewise, Office Washburn relied upon an informant who had proven reliable in the past and gave enough details to warrant probable cause. The CI's information and past reliability coupled with Officer Washburn's experience and corroboration of minor details like the name listed for the residence, leads the Court to find that the judge had a substantial basis for finding that the affidavit established probable cause to believe that the evidence of illegal drugs and/or trafficking would be found at Ms. Jackson's residence. Lastly, because the Court finds evidence of probable cause, it does not address the *Leon* good faith exception.

## IV. CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court DENY Defendant's Motion to Suppress and for *Franks* Hearing.

Respectfully Submitted this 7th day of June, 2017.

                                        **s/Edward G. Bryant**
                                        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**