# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-10027-STA |
| DARIUS LYNN GRIGGS, | ) |
| Defendant. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant Darius Lynn Griggs's Motion to Suppress (ECF No. 20) filed on April 18, 2017. This matter was referred to the United States Magistrate Judge for report and recommendation. Pursuant to the order of reference, the Magistrate Judge conducted a suppression hearing on May 23, 2017. Following the hearing, the Magistrate Judge issued his written report recommending that the Motion to Suppress be denied (ECF No. 28). On June 16, 2017, Griggs filed timely objections (ECF No. 29) to the Magistrate Judge's Report. For the reasons set forth below, the Magistrate Judge's report and recommendation is **ADOPTED**, and Defendant's Motion to Suppress is **DENIED**.

## BACKGROUND

On March 13, 2017, a grand jury sitting in the Western District of Tennessee returned an indictment against Griggs, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Griggs pleaded not guilty. In his Motion to Suppress, Griggs

1

asks the Court to "suppress all evidence recovered during the execution of a search warrant for Crystal Jackson's apartment . . . " and also requests a *Franks* Hearing. At the suppression hearing, the Magistrate Judge heard the testimony of Officer Daniel Washburn of the Jackson Police Department and Crystal Latrina Jackson. The Court admitted as evidence four exhibits, the search warrant affidavit, pictures of a handgun, a picture of a dresser holding packs of cigarettes, and a collective exhibit of two statements from Crystal Latrina Jackson on Jackson Police Department letterhead.

The Magistrate Judge has proposed the following findings of fact, to which Griggs has raised no objection. Having presided over the evidentiary hearing, the Magistrate Judge "had the opportunity to view [each] witness on the stand and assess [the witness's] demeanor," *Peveler v. United States,* 269 F.3d 693, 702 (6th Cir. 2001), and thus was "in the better position to assess the credibility of witnesses" he heard during the evidentiary hearing. *United States v. Woodruff*, 830 F. Supp. 2d 390, 402 (W.D. Tenn. 2011) (Mays, J.) (quoting *United States v. Robinson,* No. 1:07–CR–1, 2007 WL 2138635, at *1(E.D. Tenn. July 23, 2007)). "Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment." *United States v. Brown,* No. 1:07–CR–9, 2007 WL 1345463, at *1 (E.D. Tenn. May 7, 2007); *see also United States v. Tyler*, 2:10-CR-20124-STA, 2011 WL 2551177 (W.D. Tenn. June 27, 2011); *United States v. Tuggle,* No. 2:10–cr–20042–JPM–tmp, 2011 WL 692812, at *1 (W.D. Tenn. Feb. 18, 2011) (quoting *United States v. Freeman,* 412 F. App'x 735, 743 (6th Cir. 2010)). The Magistrate Judge found the government's witness to be credible and therefore adopted the officer's account of the events as his proposed findings of fact. Griggs has lodged no objection

to the Magistrate Judge's determination. As a result, the Court finds no reason not to adopt the Magistrate Judge's proposed findings of fact.

Officer Daniel Washburn received a tip from a confidential informant (CI) who had observed "marijuana on the premises of 1580 N. Royal Street Apt. 914 in Jackson, TN." The CI had observed marijuana inside the residence within the last seventy-two hours and reported that Crystal Jackson and Darius Griggs were present. Officer Washburn determined that the utilities as well as the Tennessee Criminal Justice Portal listed Crystal Jackson as the resident at the address. Officer Washburn prepared and signed a search warrant affidavit, in which Washburn described the information he had received from the CI and the CI's past reliability. On December 7, 2016, Judge Roy B. Morgan, Jr. of the Circuit Court for Madison County, Tennessee, issued a search warrant for the premises located at 1580 N. Royal Street Apt 914, Jackson, Tennessee 38301. Judge Morgan determined that there was probable cause to conduct a search for the following: "Illegal Controlled Substances: Marijuana, Books, Ledgers, Tapes, Papers, Records, Pictures, Electronic Media, And Other Items Which Tend To Memorialize Narcotics Trafficking" in violation of the laws of the State of Tennessee. Officer Washburn's affidavit read as follows:

> Personally appeared before me, Officer Daniel Washburn, who makes oath that he has probable cause for believing and does believe that Crystal Latrina Jackson DOB [redacted], Darius Lynn Griggs DOB [redacted] is/are in possession of the following described property, to wit: Illegal Controlled Substance: Marijuana, Books, Ledgers, Tapes, Papers, Records, Pictures, Electronic Media, and other Items Which Tend to Memorialize Narcotics Trafficking, contrary to the laws of the State of Tennessee, upon the following described premises to wit: 1580 N. Royal Street Apt. 914 Jackson, TN 38301 and any sheds, garages, outbuildings and vehicles with said apartment. 1580 N. Royal Street Apt. 914 is in a multi-unit apartment complex. The building that houses apartment 914 is situated to the right side as soon as you turn into the first entrance of Royal Arms Apartments, Apartment 914 is situated on the north side of the complex and the front of the building faces south with the rear facing north toward Oak Park Drive. The door to apartment 914 is green in color and

the apartment is clearly marked above the door with 914 in white lettering on a brown placard. The front door of apartment 914 faces West. Apartment 914 is in the first breezeway on the right side and it's the first apartment upstairs on the right side. To get to 1580 N. Royal St. Apt. 914, you would travel south on N. Royal St. from N. Parkway until you reach Oak Park Dr. on the left. You would turn left onto Oak Park Dr. and travel east until you reach the first entrance of 1580 N. Royal St. (Royal Arms Apts) on the right. Once you turn into the first entrance of 1580 N. Royal St., turn right and apartment 914 will be in building 900 which is the first building on the right. And his reason for such belief and the probable cause for such belief are that Affiant has received information from a reliable confidential informant that has observed marijuana on the premises of 1580 N. Royal St. Apt. 914 in Jackson, TN. This reliable confidential informant has observed marijuana inside the residence of 1580 N. Royal St. Apt. 914 within the last seventy-two hours. Furthermore, this reliable confidential informant has observed Crystal Jackson and Darius Griggs inside the residence of 1580 N. Royal St. Apt. 914 where the marijuana was present. 1580 N. Royal St. Apt. 914 was confirmed to have utilities turned on through the Jackson Energy Authority in the name of Crystal Jackson. It has also been confirmed though the TN Criminal Justice Portal that Crystal Jackson has 1580 N. Royal St. Apt. 914 listed as her address. This confidential informant has been proven reliable by providing information that has led to the seizure of at least 309.3 grams of Marijuana, 9.1 grams of Cocaine, 9.5 Hydrocodone Pills, and 2 firearms. This reliable confidential informant has provided information that has led to the arrests of at least 74 people. Out of the 74 people arrested, 57 of these individuals were wanted fugitives and 17 were arrested based on information provided about their criminal activity. Affiant therefore asks that a warrant issue to search the person of Crystal Latrina Jackson DOB [redacted] Darius Lynn Griggs DOB [redacted] and the premises herein describer [sic], either by day or by night, where he believes said Illegal Controlled Substance: Marijuana, Books, Ledgers, Tapes, papers, Records, Pictures, Electronic Media, and other Items Which Tend to Memorialize Narcotics Trafficking is/are now possessed, contrary to the Laws of the State of Tennessee.

On December 9, 2016, officers with the Jackson Police Department SWAT Team, Metro Narcotics, and the Street Crimes Unit executed the search warrant. Darius Griggs was located inside the apartment in the master bedroom. During the execution of the search warrant, the police found a handgun and several bags of marijuana weighing approximately 56.7 grams. Crystal Jackson arrived while the officers were searching the premises. She was questioned, gave a statement, and was released without charges.

In his Motion to Suppress, Griggs argues that Officer Washburn's affidavit failed to establish probable cause for the search warrant to issue and that the *Leon* good faith exception does not apply in this case. Griggs further requests a *Franks* hearing. The Magistrate Judge recommended that the Court deny Griggs's request for a *Franks* hearing. The Magistrate Judge concluded that Griggs had not made a substantial preliminary showing that Officer Washburn deliberately or recklessly included false information in his warrant affidavit. The Magistrate Judge further recommended that the Court deny Griggs's Motion to Suppress. The CI had a track record of reliability and truthfulness and reported that he had seen a quantity of marijuana in the apartment within the last 72 hours. The Magistrate Judge found this case to be factually analogous to *United States v. Ferguson*, 252 F. App'x 714 (6th Cir. 2007) where the Sixth Circuit held that a warrant affidavit based on a tip from a CI established probable cause for a search warrant. Therefore, the Magistrate Judge concluded that the Court should deny Griggs's Motion to Suppress.

In his timely objections to the Magistrate Judge's report and recommendation, Griggs does not object to the Magistrate Judge's recommendation that Griggs's request for a *Franks* hearing be denied. Griggs only objects to the Magistrate Judge's conclusion that the Washburn affidavit established probable cause for the search warrant to issue. Griggs argues that the Sixth Circuit's holding in *Ferguson* shows why the CI's tip in this case was not enough to establish probable cause. The CI in *Ferguson* offered much more corroboration for his tip than the CI in this case. Unlike the CI here, the CI in *Ferguson* had actually seen a drug transaction on the premises to be searched within five days of the warrant application. The CI in *Ferguson* also supplied the suspect's nickname, knew about the suspect's prior drug offense, and described a vehicle the suspect used to transport drugs.

5

By contrast, the CI in this case merely reported that he had seen drugs in the apartment and that he had seen Griggs and Jackson in the apartment. The CI did not even specify that Griggs and Jackson were present in the home at the same time the CI had seen the drugs. The CI did not report that Griggs or Jackson distributed marijuana from the apartment or had engaged in any other activity to show that the apartment would contain evidence of drug trafficking. Griggs therefore asks the Court to reject the Magistrate Judge's recommendation and grant the Motion to Suppress.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Court may refer a motion to suppress in a criminal matter to a magistrate judge for the purpose of conducting an evidentiary hearing and to submit proposed findings of fact and recommendations for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." § 636(b)(1)(C). However, the Court is not required to conduct *de novo* evidentiary hearing as part of its *de novo* review. *Raddatz*, 447 U.S. at 674. After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. § 636(b)(1)(C). Moreover, the Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Id.* at 151.

## ANALYSIS

The Court must emphasize at the outset that Defendant is charged with a firearms offense, and the challenged search warrant never mentions firearms as the object of the search. The

Washburn affidavit sought a warrant to search for narcotics. The affidavit contained no information about the presence of a weapon in the apartment, and the search warrant did not specifically authorize the police to seize firearms. But Griggs does not argue that police improperly seized the gun or that in seizing the gun, the police exceeded the scope of the warrant or that the warrant was overbroad. Nor does Griggs actually challenge the reliability of the confidential informant who provided Officer Washburn with information about marijuana being in the apartment. Griggs simply argues that the Washburn affidavit failed to set forth enough facts, from the confidential informant or any other investigative source, to show that evidence of a crime would be found in the apartment. The issue presented then is whether the Washburn affidavit contained enough facts to establish probable cause for a search warrant to issue at all.

The Fourth Amendment mandates that a search warrant may issue only upon a showing of probable cause, a "practical and common sense standard," *Florida v. Harris*, 568 U.S. 237, 133 S. Ct. 1050, 1055 (2013), approximating "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). The Court determines whether a warrant was supported with probable cause under the totality of the circumstances. *United States v. Young*, 847 F.3d 328, 346 (6th Cir. 2017) (citing *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008)). Furthermore, the Court "afford[s] great deference to the issuing judge's determination of probable cause." *United States v. Dunning*, --- F.3d ---, 2017 WL 2178089, at *2 (6th Cir. May 18, 2017) (citing *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001)).

The Court finds that under the totality of the circumstances, probable cause existed to support the search of Ms. Jackson's apartment. The Sixth Circuit has held that a warrant affidavit will

establish probable cause if it is shows "a likelihood of two things: first, that the items sought are 'seizable by virtue of being connected with criminal activity'; and second, 'that the items will be found in the place to be searched.'" *United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016) (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 n.6 (1978)). The Washburn affidavit meets both elements. First, Officer Washburn showed that the object of the search was connected with criminal activity. According to the affidavit, the object of the search was marijuana and other articles associated with possible drug trafficking. "Marijuana is contraband because its possession and production is prohibited under federal law and the criminal laws of most states, including Tennessee's." *Id.* (citing 21 U.S.C. §§ 841, 844; Tenn. Code Ann. §§ 39–17–417, 39–17–418). Where, as here, the object of the search is contraband, to wit, illegal narcotics, the first showing is satisfied automatically. *Id.* (citing *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967)).

The Washburn affidavit further established a likelihood that police would find the drugs in the apartment. Officer Washburn had received information from a confidential informant that marijuana was "on the premises" and specifically "inside the residence" occupied by Ms. Jackson within the preceding 72 hours. Officer Washburn verified the informant's claim that Jackson resided in the apartment and also vouched that the informant had previously provided information leading to the seizure of narcotics in other cases. The affidavit spelled out in some detail exactly which apartment was Ms. Jackson's. These facts connected the object of the search, the marijuana, to the place to be searched, Ms. Jackson's apartment.

Griggs raises a number of questions about what the affidavit does not say. For example, it is true that the confidential informant did not specify the amount of marijuana or state that he had observed drug trafficking or drug transactions at the home. *E.g. United States v. Moore*, 661 F.3d

309, 311 (6th Cir. 2011) (probable cause for warrant where CI was in the home and saw drugs being stored *and* sold in the home). Nevertheless, "drugs are contraband, and the police have a right to seize them, pursuant to a search warrant, wherever they are likely to be present . . . [regardless of] whether the [warrant affidavit] established probable cause for marijuana possession, or marijuana trafficking . . .[ just] as long the [warrant affidavit] showed a fair probability that marijuana would be found in [the place to be searched]." *United States v. Abernathy*, 843 F.3d 243, 251 (6th Cir. 2016) (quoting *Church*, 823 F.3d at 355). Reading the affidavit from beginning to end in a common sense fashion, the confidential informant clearly reported that drugs would be found in the apartment. This suffices to establish probable cause for the search warrant.

In his objections to the Magistrate Judge's report and recommendation, Griggs takes issue with the Magistrate Judge's conclusion that this case and the case of *United States v. Ferguson*, 252 F. App'x 714 (6th Cir. 2007) are factually similar. Griggs again points out a number of omissions from the Washburn affidavit and argues that the confidential informant in *Ferguson* reported more facts than the confidential informant in this case. According to Griggs, without those additional facts, the search warrant for Ms. Jackson's apartment was issued without probable cause. The Court has reviewed this portion of the Magistrate Judge's report and recommendation *de novo* and agrees with the Magistrate Judge's conclusion that *Ferguson* is persuasive. Like the defendant in *Ferguson*, Griggs criticizes the warrant affidavit for all of the facts it fails to include. But as the Court of Appeals explained in *Ferguson*, the Sixth Circuit "has never required the level of detail that [the defendant] demands." 252 F. App'x at 722. And to the extent that *Ferguson* arguably involved a warrant affidavit with additional factual support, unlike Griggs the defendant in *Ferguson* was charged with drug trafficking based on the drugs seized during the execution of the search warrant.

9

Any factual differences in the two cases are mostly immaterial.

Finally, the Court pauses to note that outside of the informant's statement that Griggs was present in the home, little else in the Washburn affidavit connected Griggs to the drugs or the apartment. In fact, the affidavit arguably fails to demonstrate Griggs's nexus to illegal activity at the apartment and therefore lacks essential information that good police work would otherwise require. Had Griggs not actually been present in the apartment at the time of the search or had the government charged him with drug trafficking, the Court might have reached a different conclusion on the suppression issue. But as the Court has already observed, this is a firearms case, and not a drug case, and police found Griggs and the firearm in the apartment in the course of searching the home for drugs. So on the simple question of whether the police had a right to be there at all, that is, whether the affidavit showed probable cause to believe that police would find drugs in Ms. Jackson's apartment, the answer is yes. Therefore, the Motion to Suppress must be DENIED, and the Magistrate Judge's report and recommendation is ADOPTED.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 9, 2017.